**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1020-18T2

CRAIG BLACKMON,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

Submitted October 3, 2019 – Decided October 11, 2019

Before Judges Nugent and DeAlmeida.

On appeal from the New Jersey State Parole Board.

Craig Blackmon, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Suzanne Marie Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Craig Blackmon appeals from the September 26, 2018 final agency decision of the New Jersey State Parole Board (Board) denying him parole and imposing a 120-month future eligibility term (FET). We affirm.

I.

The following facts are derived from the record. Blackmon is serving a life sentence with a mandatory minimum term of thirty-two-and-a-half years for murder, aggravated sexual assault, and possession of a weapon for an unlawful purpose. In 1985, Blackmon was under the influence of Phencyclidine, commonly known as PCP, when he restrained, sexually assaulted, beat, and repeatedly stabbed his cousin in her home with her two-year-old son present. The victim's physical injuries were gruesome, including a stab wound that penetrated ten inches into her vagina, a gaping wound to her neck, and fractures of every bone in her neck. After killing his cousin, Blackmon urinated on her body. The victim's child was discovered at the scene of the murder physically unharmed, but covered in his mother's blood.

Blackmon became eligible for parole in 2017. A two-member Board panel denied parole, and referred his case to a three-member Board panel to establish a FET that may be in excess of administrative guidelines. The two-member panel based its decision on a number of factors, including the serious nature of

the offense, the increasingly serious nature of Blackmon's criminal record based on a prior conviction for possession of a weapon for an unlawful purpose, incarceration on multiple offenses, institutional infractions, insufficient problem solving, and a risk assessment evaluation indicating a moderate risk of recidivism. Regarding his insufficient problem resolution, the panel noted that Blackmon "blames this horrific, brutal and sexual crime on his PCP use. He needs to work on his underlying issues that contributed to this extremely violent crime." The panel also noted mitigating factors, including a minimal criminal offense history, participation in institutional programs specific to behavior, a favorable institutional adjustment, and attempts to enroll in programs to which Blackmon was not admitted. The panel also relied on confidential information in Blackmon's file.

The two-member panel later amended its decision. The panel changed one of the reasons for denial of parole from "serious nature of offense" to "facts and circumstances of offense." In addition, the panel added "offense record is repetitive" as a reason for denial of parole.

A three-member panel subsequently imposed a 120-month FET and issued an eight-page written decision. The three-member panel based its decision on the same aggravating and mitigating factors identified in the amended decision

3

of the two-member panel. The three-member panel found that Blackmon lacked insight into what motivated him to ingest the drugs that led to his violent behavior, did not fully recognize the severity of his acts, and had inadequate introspection into the personality traits that resulted in his crimes. The panel noted that the 120-month FET would result in a projected parole eligibility date in March 2024, after reduction for commutation, work, and minimum custody credits.

On appeal to the full Board, Blackmon, in addition to other arguments, contended that the panels misstated his criminal record because his prior charge for possession of a weapon for an unlawful purpose was dismissed after he completed a pretrial intervention program. The Board thereafter amended its records to state Blackmon had no prior criminal conviction. Both the two-member and three-member panels later reaffirmed their decisions after: (1) removing from consideration the aggravating factors of an increasingly serious criminal record and a repetitive criminal record; and (2) replacing the mitigating factor of minimal offense record with no prior offense record.

On September 26, 2018, the full Board issued a written decision affirming the decisions of both panels. This appeal followed. Appellant raises the following arguments for our consideration:

4

POINT 1

THE APPELLANT WAS DENIED DUE PROCESS IN HIS PAROLE PROCEEDINGS BASED UPON A CONFLICT OF INTEREST.

POINT 2

THE APPELLANT WAS DENIED DUE PROCESS BASED UPON STATE RETALIATION FOR EXERCISE OF CONSTITUTIONAL RIGHTS.

POINT 3

THE APPELLANT WAS DENIED DUE PROCESS WHERE THE DENIAL OF PAROLE WAS HEAVILY BASED UPON SPECULATION.

POINT 4

THE FACTORS RELIED UPON BY THE PAROLE BOARD DO NOT ESTABLISH A SUBSTANTIAL LIKELIHOOD OF RECIDIVISM.

POINT 5

DUE PROCESS WAS DENIED WHERE THE PAROLE BOARD FAILED TO ADEQUATELY EXPLAIN THE DECISION TO DENY PAROLE. (Not Raised Below).

POINT 6

THE IMPOSITION OF AN EXTRAORDINARY FET WAS NOT SUPPORTED BY CREDIBLE EVIDENCE IN THE RECORD.

POINT 7

THE TAINTED FULL BOARD PROCEEDINGS FORECLOSE A SUBSEQUENT FAIR AND IMPARTIAL PAROLE HEARING. (Not Raised Below).

## II.

We accord considerable deference to the Board, and our review of its decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). We will overturn a Parole Board decision only if it is arbitrary and capricious. Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019). An appellate court must not substitute its judgment for that of the agency, and an agency's decision is accorded a strong presumption of reasonableness. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). The burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant. Barone v. Dep't of Human Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd, 107 N.J. 355 (1987).

For offenses committed before August 18, 1997, "the Parole Board may deny parole release if it appears from a preponderance of the evidence that 'there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time.'" Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000) (quoting L. 1979, c. 441, § 9)). When

6

reaching a decision under this standard, the Board must consider the aggregate of all pertinent factors, including those set forth in N.J.A.C. 10A:71-3.11(b).

In addition, an inmate serving a sentence for murder is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). The Board may establish a longer FET if it determines a twenty-seven month FET would be "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). In making this determination, the Board "shall consider the factors enumerated in N.J.A.C. 10A:71-3.11." Ibid.

After carefully considering the record in light of the applicable legal principles, we affirm the Board's well-reasoned final agency decision, which is supported by sufficient credible evidence. R. 2:11-3(e)(1)(D). We add only the following brief comments.

We find no merit in Blackmon's argument reversal is necessary because Board Chairman Samuel J. Plumeri, Jr. participated in or influenced the Board's decision despite a personal interest in the outcome of Blackmon's parole application. See N.J.A.C. 10A:71-1.5(a) ("A Board member shall not participate in any Board or Board panel deliberations or disposition of any case in which the Board member has a personal interest, prejudice or bias.") Blackmon's

argument is based on the fact that prior to Plumeri's appointment to the Board, he was a detective with the Trenton Police Department and testified in that capacity at Blackmon's trial. A voting sheet in the record indicates Plumeri did not participate in making the decision to deny Blackmon's parole application or set his FET. Plumeri is designated on the voting sheet as "disqualified." Blackmon has produced no evidence to support his speculation that Plumeri influenced the Board's deliberations.

Blackmon relies primarily on the fact that Plumeri's signature appears at the bottom of the final agency decision. The Board represented to the court that as a routine administrative practice, by virtue of his position as Chairman, Plumeri's name appears on all final decisions of the Board. We accept the Board's representation. We suggest, however, that the Board consider minimizing the potential for confusion in the future by having final agency decisions signed by a Board member acting as Chairman when Plumeri is disqualified because of his prior role as a law enforcement officer.

To the extent we have not addressed other arguments raised by Blackmon, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1020-18T2